# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES A. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:20-CV-03297-WJE |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff James A. Nelson seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401, *et seq.* Administrative Law Judge Richard N. Staples ("ALJ") found that Mr. Nelson did not have a medically determinable impairment. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

## I. Background

Mr. Nelson protectively filed a claim for DIB on October 4, 2017.[2] (AR 11). He alleged a disability onset date of December 31, 2001, due to a damaged left leg, right leg injury, right arm injury, and complications from heat stroke. (*Id.* 11, 14, 38). His claim for DIB was denied initially

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).
[2] Mr. Nelson also protectively filed a claim for supplemental security income ("SSI") under Title XVI of the SSA , 42 U.S.C. §§ 1382-1385. He was awarded SSI beginning on October 4, 2017. This appeal deals solely with the ALJ's denial of Mr. Nelson's claim for DIB.

on March 1, 2018. (*Id.* 11).  He filed a written request for hearing with the ALJ which was held on

December 4, 2019. (*Id.*).

On December 11, 2019, the ALJ denied Mr. Nelson's claim for DIB. (*Id.* 8).  The ALJ

determined that although Mr. Nelson did have several prior injuries, he did not have any severe

impairments. (*Id.* 13-15).  Following the ALJ's decision, Mr. Nelson filed an appeal with the

Appeals Council. (*Id.* 135).

The Appeals Council denied Mr. Nelson's request for review, leaving the ALJ's decision

as the final decision of the Acting Commissioner. (*Id.* 1-3).  Since Mr. Nelson has exhausted all

administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 423(d) rests

on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001).  The SSA has

established a five-step, sequential evaluation process for appraising whether a claimant is disabled

and benefit-eligible. 20 C.F.R. § 404.1520; *see also Swink v. Saul*, 931 F.3d 765, 769 (8th Cir.

2019) (citation omitted).  The Commissioner must evaluate:

(1) whether the claimant is presently engaged in a substantial gainful activity;
(2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
(3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
(5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003).

## III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (citation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (citation omitted); *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## IV. Discussion

Mr. Nelson raises one issue in his appeal before the Court. He argues that the disability determination is not supported by substantial evidence because the ALJ did not properly consider the evidence in finding that he was not disabled. (*See* Docs. 18, 19). The Court finds that substantial evidence supports the disability determination because the ALJ properly considered the evidence during the relevant time period. Accordingly, this Court affirms.

"The statute defines disability as the 'inability to engage in any substantial gainful activity [for at least twelve months] by reason of any medically determinable physical or mental impairment.'" *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992) (quoting 42 U.S.C. § 423(d)(1)(A)) (emphasis omitted). "A medically determinable impairment is one 'that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically

acceptable clinical and laboratory diagnostic techniques.'" *Id.* (quoting 42 U.S.C. § 423(d)(3)). Conversely, "[a]n impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citations omitted). Moreover, to establish entitlement to DIB, the claimant must establish disability before their insured status expires. *See Turpin v. Colvin*, 750 F.3d 989, 993-95 (8th Cir. 2014). Any non-disabling conditions that later develop into disabling conditions after their insured status expires cannot support an award of benefits. *See id.*

Here, the ALJ properly considered the evidence in the record to determine that Mr. Nelson did not have a medically determinable impairment during the relevant period of December 31, 2001, his alleged onset date, to March 31, 2006, when his insured status expired. (AR 13). The ALJ properly considered Mr. Nelson's treatment for a foot injury in 1986, an open wound in 2005, and contact dermatitis from poison ivy in 2003. (*Id.* 13-15). However, as there was no evidence of ongoing treatments for these injuries, the ALJ properly concluded that they were non-medically determinable conditions. (*Id.*). Instead, they resulted in only slight abnormalities that did not impair Mr. Nelson's ability to do basic work activities. *See Kirby*, 500 F.3d at 707. While Mr. Nelson may have experienced several non-disabling conditions during this relevant time period that later developed into disabling conditions, these impairments cannot support a finding of disability because they arose after his insured status expired. *See Turpin*, 750 F.3d at 993-95.

Lastly, the ALJ's determination does include an error that Mr. Nelson's contact dermatitis was a medically determinable impairment. (AR 13). However, the only time an error is harmful is when there is "some indication that the ALJ would have decided [the issue] differently if the error had not occurred." *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) (citations omitted).

Here, the error did not affect the ALJ's analysis because the record goes on to clarify that contact dermatitis was a non-severe impairment. (AR 14). Therefore, the ALJ's error did not affect his ultimate conclusion in this case.

## V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Mr. Nelson was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 19th day of January 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge